UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT C. COMRIE, ) | CASE NO. 1:08 CV 2708 |
| ) | |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE ) | AND ORDER |
| AUTHORITY ELYRIA OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

On November 17, 2008, pro se plaintiff Robert C. Comrie filed the above-captioned action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority Elyria Office, and the Amherst K-9 Unit.[1]  In the complaint, plaintiff alleges the defendants conducted a search of his residence without probable cause.  He seeks monetary damages.

**Background**

Mr. Comrie's residence was searched by his parole officer and Lorain Police Officers on March 27, 2000.  He contends the officers did not have a warrant to conduct the search.

---

[1] Plaintiff indicates he is filing a Bivens action. See Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).  Bivens provides authority for civil rights claims filed against individuals acting under color of federal law.  The defendants in this action are officials of the State of Ohio. Those claims are properly asserted under 42 U.S.C. § 1983.

Evidence obtained during the search was used to obtain a conviction on six counts in the United States District Court for the Northern District of Ohio. Mr. Comrie appealed the conviction to the United States Sixth Circuit Court of Appeals. The Sixth Circuit determined that the officers did not have probable cause to conduct the search and vacated his conviction and sentence on Count III on June 27, 2005. See U.S. v. Comrie, No. 03-3458, 2005 WL 1505789 (6th Cir. June 27, 2005). His conviction on the remaining Courts was affirmed. Mr. Comrie has now filed this civil rights action claiming the search violated his rights to be free from unreasonable searches and seizures, and denied him due process.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, it is apparent on the face of the complaint that the statute of limitations for bringing a §1983 claim expired before Mr. Charles filed this action. LRL Properties

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to §1983 claims. The actions alleged in the complaint took place on March 27, 2000. The search was declared to be without probable cause by the Sixth Circuit on June 27, 2005. This action was filed on November 17, 2008, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[3]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3